## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA
ex rel. DARREN RUBIN

      Plaintiff,

v.

                                   Case No. 8:20-CV-00564-T-23CPT

STERLING KNIGHT
PHARMACEUTICALS, LLC, et al.

                                   **FILED UNDER SEAL**

      Defendants.

_____/

## MEMORANDUM IN SUPPORT OF THE UNITED STATES' UNOPPOSED EX PARTE APPLICATION FOR SIX-MONTH EXTENSION OF COURT SEAL AND INTERVENTION DEADLINE

The United States of America submits this memorandum in support of its unopposed

ex parte application for an order under the False Claims Act, as amended, 31 U.S.C.

§ 3730(b)(3), for a six-month extension of time, from June 1, 2020 to December 1, 2020, in

which to notify this Court of its decision whether to intervene in the above-captioned False

Claims Act qui tam action, and during which time the Complaint and all other related

filings shall remain under seal. This is the first extension that the Government has requested

in this case, and the Relator concurs in this request.

I.      Statement of Facts

This is an action under the qui tam provisions of the False Claims Act ("FCA"), 31

U.S.C. §§ 3729-33, that permit a private party, a relator, to bring suit for damages allegedly

suffered by the United States due to the submission of false claims. Id. at § 3730(b). Relator

Darren Rubin filed a sealed qui tam complaint against 12 Defendants, which was served on

the United States on March 31, 2020. Under the FCA, the United States has at least sixty (60) days from the date it receives a relator's complaint and statement of material evidence within which to elect to intervene. Id. at § 3730(b)(2).

In its Complaint, the Relator alleges two schemes: (1) Defendants misbranded and/or adulterated medical devices and durable medical equipment, which was sold to physicians and pharmacies, and (2) Defendants inflated the average wholesale price on its products, which generated excessively high reimbursement for pharmacies and physicians billing federal health care programs and induced physicians and pharmacies to buy Defendants' products.

II.    Points and Authorities

The qui tam provisions of the False Claims Act provide in pertinent part that:

> (2)    A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.
>
> (3)    The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2).

31 U.S.C. §§ 3730(b)(2) and (3) (emphasis added).

The United States respectfully submits that it has good cause for an extension in this case. Although the Government has begun to analyze the materials provided, it needs more time to evaluate fully the Relator's various contentions. Since receiving the Complaint, we have started requesting and analyzing the claims data for the numerous Defendants to

ascertain whether it reveals trends that suggest the kinds of practices alleged in the Relator's Complaint. We have also requested and received wage and hour records for the corporate Defendants named in the Complaint. We are in the process of forming our investigative team, to include subject-matter experts. Additionally, while we have had limited discussions with the Relator regarding a subset of the allegations, we are in the process of scheduling an interview with the Relator to obtain further information regarding the individual Defendants and their roles in the overall scheme.

In addition, the Government remains committed to supporting public health officials during the current crisis. Government attorneys and their law enforcement partners have continued to diligently pursue their investigation of the Relator's allegations in this case, but limitations on travel and gatherings have impacted the Government's ability to find and interview witnesses, gather documents, and pursue other aspects of the investigation. An extension of the intervention deadline is appropriate to allow the Government to complete its investigation while doing its part in the national response to the challenges posed by public health conditions.

The United States has also moved this Court for an order keeping the Complaint and material evidence under seal during the requested extension, for the same reasons that justify the extension of the United States' intervention deadline. The Relator has been notified, and he supports extending both the Government's time to intervene and the seal in order to allow the Government to continue its investigation.

For these reasons, the United States requests that the Complaint in this action remain under seal pending the Government's completion of the additional investigation and analysis necessary in this case.

## CONCLUSION

For all of the above reasons, the United States respectfully requests that its motion for a six-month extension of time, to and including December 1, 2020, during which the Complaint and other documents filed in this matter remain under seal, and during which the United States may evaluate its decision whether to intervene in the action, be granted.

The Relator, through and with its counsel, has informed the Government that he concurs in this request and supports a six-month extension of time.

Respectfully submitted,

**MARIA CHAPA LOPEZ**
United States Attorney

**JOSEPH H. HUNT**
Assistant Attorney General

**Andy J. Mao**
**Natalie A. Waites**
**Danielle L. Sgro**
Attorneys, Civil Division
U.S. Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 305-3911
danielle.l.sgro@usdoj.gov

/s/ Michael R. Kenneth
**Michael R. Kenneth**
Assistant United States Attorney
Florida Bar No. 44341
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
(813) 274-6000
Email: Michael.Kenneth@usdoj.gov