IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
ex rel. DARREN RUBIN

    Plaintiff,

v.

Case No. 8:20-CV-00564-T-23CPT

STERLING KNIGHT
PHARMACEUTICALS, LLC, et al.

**FILED UNDER SEAL**

    Defendants.

_____/

## MEMORANDUM IN SUPPORT OF THE UNITED STATES' SECOND UNOPPOSED EX PARTE APPLICATION FOR SIX-MONTH EXTENSION OF COURT SEAL AND INTERVENTION DEADLINE

The United States of America submits this memorandum in support of its unopposed ex parte application for an order under the False Claims Act, as amended, 31 U.S.C. § 3730(b)(3), for a six-month extension of time, from December 1, 2020 to June 1, 2021, in which to notify this Court of its decision whether to intervene in the above-captioned False Claims Act qui tam action, and during which time the Complaint and all other related filings shall remain under seal. This is the second extension that the Government has requested in this case, and the Relator concurs in this request.

I.    Statement of Facts

This is an action under the qui tam provisions of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, that permit a private party, a relator, to bring suit for damages allegedly suffered by the United States due to the submission of false claims. Id. at § 3730(b). Relator

Darren Rubin filed a sealed qui tam complaint against 12 Defendants, which was served on the United States on March 31, 2020.

In its Complaint, the Relator alleges two schemes: (1) Defendants misbranded and/or adulterated medical devices and durable medical equipment, which was sold to physicians and pharmacies, and (2) Defendants inflated the average wholesale price on its products, which generated excessively high reimbursement for pharmacies and physicians billing federal health care programs and induced physicians and pharmacies to buy Defendants' products.

II. Points and Authorities

The qui tam provisions of the False Claims Act provide in pertinent part that:

> (2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.
>
> (3) The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2).

31 U.S.C. §§ 3730(b)(2) and (3) (emphasis added).

The United States respectfully submits that it has good cause for a second extension in this case. Through our investigative steps thus far, the United States has been able to narrow the focus of the investigation to particular individuals and entities – as well as particular theories of liability among the many alleged in the Relator's Complaint. Having done so, the Government has recently served Civil Investigative Demands ("CIDs") pursuant to 31 U.S.C.

2

§ 3733, on four of those Defendants: Sterling Knight Pharmaceuticals, Belcher Pharmaceuticals, Mihir Taneja, and CPN Bioscience. We are also in contact with Arun Kapoor's counsel, and he expects to confirm shortly that he can accept service of a fifth CID. Counsel for certain Defendants has already expressed an interest in resolution of the investigation, but the United States needs the information from the Defendants requested in the CIDs in order to analyze the strength of the allegations.

Specifically, since the prior extension motion, we formed an investigative team, including agents from the agencies who paid for prescriptions that were part of the inflated average wholesale price scheme described in the Relator's Complaint, and we interviewed the Relator. The Government is also investigating Relator's average wholesale price allegations through conversations with relevant parties and witnesses. In addition, we conferred with subject-matter experts at CMS regarding the alleged Anti-Kickback statute and Stark Act violations described in the Relator's complaint. The investigative team served administrative subpoenas on pharmacies and prescribers located in Florida that submitted significant amounts of claims for Sterling-Knight medications, and we are starting to receive responses. In addition, they are in the process of finalizing additional administrative subpoenas to third parties identified by the Relator. Finally, the investigative team has interviewed beneficiaries to determine why they were prescribed Sterling-Knight medications with inflated average wholesale prices and plan to interview pharmacies and prescribers once we review the responses to those administrative subpoenas.

In addition, the Department of Justice remains committed to supporting public health officials in their response to the COVID-19 pandemic. The Government will continue to diligently pursue their investigation of the Relator's allegations in this case, but limitations on

travel and gatherings have impacted the Department's ability to find and interview witnesses and pursue other aspects of the investigation. An extension of the intervention deadline is appropriate to allow the Government to complete its investigation while doing its part in the national response to COVID-19.

The United States has also moved this Court for an order keeping the Complaint and material evidence under seal during the requested extension, for the same reasons that justify the extension of the United States' intervention deadline. The Relator has been notified, and he supports extending both the Government's time to intervene and the seal in order to allow the Government to continue its investigation.

For these reasons, the United States requests that the Complaint in this action remain under seal pending the Government's completion of the additional investigation and analysis necessary in this case.

## CONCLUSION

For all of the above reasons, the United States respectfully requests that its motion for a six-month extension of time, to and including June 1, 2021, during which the Complaint and other documents filed in this matter remain under seal, and during which the United States may evaluate its decision whether to intervene in the action, be granted.

The Relator, through and with its counsel, has informed the Government that he concurs in this request and supports a six-month extension of time.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

**Jamie A. Yavelberg**
**Natalie A. Waites**
**Danielle L. Sgro**
Attorneys, Civil Division
U.S. Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 305-3911
danielle.l.sgro@usdoj.gov

/s/ Michael R. Kenneth
**Michael R. Kenneth**
Assistant United States Attorney
Florida Bar No. 44341
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
(813) 274-6000
Email: Michael.Kenneth@usdoj.gov